IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 3:22-cv-00686-RJC-SCR

ANTOINE ANKRUM

    Plaintiff,

v.

HOPE HAVEN, INC.,

    Defendant.

CONSENT PROTECTIVE ORDER

## Background Statement

In the course of discovery, the parties will request and exchange information and documents that are or may be of a personal and/or of a proprietary nature, including but not limited to personnel records, medical records and materials related to employee benefits, as well as confidential commercial information and trade secrets, competitively sensitive commercial information, customer data and other personal or financial information regarding third parties. The parties seek to limit the use of the information and documents to protect themselves from annoyance and potential embarrassment as well as to maintain the confidentiality of personal and/or proprietary information. Accordingly, they have agreed to the entry of this Consent Protective Order ("Order") to facilitate the production of the information requested and any information which has been or will be produced during discovery in this case.

## Protective Order

### Designation of Confidential Information

1. "Confidential information" as used herein means any type or classification of information which is designated as "confidential" in the manner specified below, in the good faith

1

belief that such information falls within the scope of Rule 26(c) of the Federal Rules of Civil Procedure and is subject to this Order. For purposes of this Order, "confidential information" means proprietary, business, commercial, financial and/or personal information, including but not limited to employee personnel files, pay information, medical records, drug testing documents, workers' compensation files, corporate policies and procedures, trade secrets and other competitively sensitive materials, financial records, pricing information, actuarial records and reports and information about disabilities, tax returns, retirement benefits, customer information, vendor information, and other personal or financial information relating to third parties. "Confidential information" may include documents, information contained in documents, depositions, interrogatory answers, and all other discovery pursuant to the Federal Rules of Civil Procedure, court testimony, matters in evidence and other information furnished by or on behalf of any party in connection with this litigation which falls within the scope of this Order.

2. The party producing any documents or information subject to this Order shall have the right to use its discretion in designating materials to be confidential information as defined herein. However, the party shall be obligated to designate only documents or information which it believes in good faith to be information within the scope of Rule 26(c) of the Federal Rules of Civil Procedure. Moreover, the party shall be obligated to make specific designations to the extent reasonably possible and to avoid overbroad designations.

3. Any party producing documents may designate such documents and copies thereof as confidential by marking any confidential page as follows: CONFIDENTIAL. In lieu of placing said legend on the originals of documents, the producing party may legend the copies that are produced. When producing a multi-page document, all of which it contends is confidential, a party

may designate the entire document as confidential by marking the cover page as follows: CONFIDENTIAL.

4. Information disclosed at the deposition of any party or at the deposition of one of its present or former officers, directors, employees or agents, or of independent experts retained by any party for purposes of this litigation may be designated by such party as confidential by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Order. Alternatively, such party may designate information disclosed at such deposition as confidential by notifying all parties in writing, within ten (10) business days of receipt of the transcript, of the specific pages and lines of the transcript which are confidential. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. All depositions shall be treated as confidential for a period of at least ten (10) business days after a full and complete transcript of said deposition is available.

## Use of Confidential Information

5. Confidential information shall be used only for the purpose of these proceedings and shall not be disclosed to any person except the following:

(a) Counsel for any party, the legal associates, clerical or other support staff of such counsel assisting in the preparation of this action, and any party, to the extent necessary to prepare this case for this litigation, with the exception of information and/or documents related to non-party personnel or personnel file(s) which will be limited to attorney's eyes only;

(b) Agents, representatives and employees of any party, as is necessary to prepare this case for litigation;

(c) Subject to the provisions of Paragraph 6 below, independent experts (who shall not be a party or an employee of a party) employed by counsel for the purpose of assisting in this action;

(d) A witness or potential witness, as is necessary to prepare this case for litigation and the court reporter and courtroom personnel at any deposition, pretrial hearing, trial or other proceedings held in connection with this action.

(e) Subject to the provisions of Paragraph 7 below, any court, including this Court, or appellate body which has cause to consider any of the issues raised in this action;

(f) Jurors and prospective jurors; and

(g) Or any other person or entity to whom this Court orders or allows disclosure after notice and opportunity for hearing.

**Non-Disclosure of Confidential Information**

6. No person to whom confidential information is disclosed shall disclose such confidential information to any person to whom disclosure is not authorized by the terms of this Order, or make any other disclosure of such confidential information for any purpose whatsoever, commercial or otherwise. In addition to the other restrictions on disclosure contained herein, the parties agree that no confidential information may be disclosed to any witness, consultant, expert or employee of any party, until such person has read and signed a copy of this Order, thereby indicating his or her willingness to be bound by its provisions. The disclosing party shall have the obligation to maintain records identifying all such persons to whom information has been disclosed.

### Information Filed with the Court

7. When a party seeks to file under seal confidential documents, things, and/or information, including confidential portions of any transcript, a party shall electronically file under seal pursuant to the applicable local rule and the Administrative Procedures Governing Filing and Service by Electronic Means.

### General Conditions

8. In the event that a party disputes the propriety of the designation of any material or information as confidential, that party may file a motion with the Court requesting a ruling regarding whether the material or information should be treated as confidential for purposes of this Order. No party shall be obligated to challenge the propriety of any designation of information as confidential and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

9. At the conclusion of this litigation, including any appeals, the parties may contact the Court to obtain any confidential information in the Court's files so the parties may make appropriate disposition of all confidential information furnished pursuant to the terms of this Order. At the conclusion of the litigation, including any appeals, the parties agree, upon request, to certify as to the destruction or secured storage of any confidential information, or to return any confidential information to the party providing the confidential information except transcriptions of depositions taken in the course of this proceeding.

10. The ultimate disposition of protected materials shall be subject to final order of the Court.

11. This Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to the confidential information. Specifically,

this Order shall not require any party to notify or to obtain permission from other parties before introducing materials designated confidential at trial or examining witnesses about materials designated confidential during depositions or at trial, beyond the notice required by the Federal Rules of Civil Procedure, local court rules or order of Court.

12. Nothing in the foregoing provisions of this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to confidential information as that party may consider appropriate; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection, or is entitled to a more limited form of protection than designated.

13. The production of attorney-client privileged materials, work product protected materials, or trial preparation materials shall not constitute a waiver of those protections. In the event of the production of such protected information, the Parties will follow the procedure set out in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

14. In accordance with Rule 16(b)(1)(B) and Rule 502, any privileged documents inadvertently produced may be "clawed back" by the party that produced them within fourteen (14) days of being served with written notice of the inadvertent disclosure by the party who received the document.

**SO ORDERED**.    Signed: August 1, 2023

_____
Susan C. Rodriguez
United States Magistrate Judge

6

Case 3:22-cv-00686-RJC-SCR   Document 13   Filed 08/02/23   Page 6 of 7

**CONSENTED TO:**

This the 28th day of July, 2023.

| | |
|---|---|
| **/s/ R. Michael Elliot** | **/s/William J. McMahon** |
| Michael Elliot | William J. McMahon |
| N.C. Bar No. 42806 | N.C. State Bar No. 34097 |
| Elliot Morgan Parsonage | CONSTANGY, BROOKS, |
| 300 E. Kingston Ave. Suite 200 | SMITH & PROPHETE, LLP |
| Charlotte, NC 28203 | One West Fourth Street, Suite 850 |
| Phone: 704-707-3705 | Winston-Salem, NC 27101 |
| Facsimile: 336-724-3335 | Telephone: (336) 721-6860 |
| michaelelliot@emplawfirm.com | Facsimile: (336) 748-9112 |
| *Attorney for Plaintiff* | Email: bmcmahon@constangy.com |
| | *Attorney for Defendant* |